IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3188-FL

| | |
|---|---|
| DWIGHT WHITE, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| EDDIE BUFFALO, ERIC HOOKS, TIMOTHY MOOSE, TODD ISHEE, LARRY DAIL, JAMES VAUGHN, CAROLINE TAYLOR, JAMES GREEN, JAMES DURHAM, BEALAH MASON, RICHARD DUKE, RALPH HILL, JACKIE HESTER, MICHAEL JOHNSON, GEOFFREY PITTARD, and FRANKIE LEE SMITH, JR., | ) |
| Defendants. | ) |

Plaintiff, a state inmate proceeding pro se, commenced this action by filing a complaint asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b). Also before the court is plaintiff' motion for court order for service on defendants to be made by the United States Marshal Service (DE 2).

The court begins with the initial review of the complaint. Section 1915A provides that courts shall review complaints in which a prisoner seeks relief from a governmental entity or officer and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Here, plaintiff alleges he was assigned to perform grass maintenance for the prison facility in which he was housed but was not provided proper training and safe equipment. (Compl. (DE 1) at 6–8). Plaintiff asserts he informed defendant Frankie Lee Smith, Jr., ("Smith") that the inmate working in equipment repair was not properly trained and was not using the correct replacement parts on machinery. (Id. at 7). On May 3, 2021, while plaintiff was mowing, the safety feature to prevent the mower blades from moving when plaintiff got off the mower malfunctioned as a result of an improper repair. (Id. at 8). One of the mower blades injured plaintiff requiring hospitalization. (Id.). Plaintiff alleged defendant Smith reported that defendants Ralph Hill ("Hill"), Richard Duke ("Duke"), James Green ("Green"), Bealah Mason ("Mason"), James Vaughn ("Vaughn"), Carolina Taylor ("Taylor"), and Larry ("Dail") were responsible for program management but would not purchase new mowers or replacement parts. (Id. at 7). Defendant Smith further reported that defendants Geoffrey Pittard ("Pittard"), Michael Johnson ("Johnson"), and Jackie Hester ("Hester") were defendant Smith's commanding officers and did not challenge the practice of not allowing defendant Smith to fix or replace unsafe

2

equipment. (Id.). Defendant also allegedly stated that defendants Todd Ishee ("Ishee"), Timothy Moose ("Moose"), and Eric Hooks ("Hooks") had a practice of cutting costs preventing Smith from providing safe equipment. (Id. at 7–8). Plaintiff sues all defendants except Eddie Buffalo ("Buffalo") in both their individual and official capacities. (Id. at 3–5). Plaintiff sues defendant Buffalo only in his official capacity. (Id. at 3).

Plaintiff makes no allegations against defendant Buffalo, and thus he is dismissed from this action. See Iqbal, 556 U.S. at 676 (providing a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Further, to the extent plaintiff is attempting to allege defendants Hooks, Moose, Ishee, Dail, Vaughn, Taylor, Green, Durham, Mason, Duke, Hill, Hester, Johnson, and Pittard are liable based on their roles as supervisors, these claims are without merit because respondeat superior is not available in § 1983 suits. See id. Plaintiff also has failed to allege a claim for supervisory liability where he does not allege these defendants had actual or constructive knowledge of the alleged unconstitutional working conditions or that their response was so inadequate as to show deliberate indifference or tacit authorization of the conditions. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

Plaintiff's official capacity claims also are without merit. Neither States nor state officials acting in their official capacities are "persons" subject to suit under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Moreover, these claims are barred by the Eleventh Amendment. See Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997).[1]

---

[1] The exceptions to Eleventh Amendment immunity are not applicable here. See College Savs. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999); Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976);

3

Regarding plaintiff's individual capacity claims against defendant Smith, plaintiff alleges sufficient facts to state a claim for deliberate indifference to conditions posing a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825, 835 (1994) (discussing deliberate indifference standard for Eighth Amendment claims challenging conditions of confinement).

The court now considers plaintiff's motion for the service of process on defendants to be made by the United States Marshal Service. As addressed above, the only claim allowed to proceed is the individual capacity claim against defendant Smith. Thus, the court will direct the United States Marshals Service to proceed with service of process as to defendant Smith should it become necessary. Plaintiff's motion is otherwise denied as to the remaining defendants.

## CONCLUSION

Based on the foregoing, plaintiff's motion for service on defendants to be made by the United States Marshal Service (DE 2) is GRANTED IN PART AND DENIED IN PART. Plaintiff is ALLOWED to proceed on the deliberate indifference claim asserted against defendant Smith in his individual capacity. The claims against the remaining defendants and all official capacity claims are dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is DIRECTED to proceed in accordance with Standing Order 14-SO-02, which governs service of process in state prisoner civil rights cases. In the event it becomes necessary, the court

---

Ex parte Young, 209 U.S. 123, 159 (1908).

DIRECTS the United States Marshals Service to proceed with service of process as to defendant Smith pursuant to 28 U.S.C. § 1915(d).

SO ORDERED, this the 8th day of February, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge

5

Case 5:22-ct-03188-FL   Document 4   Filed 02/08/23   Page 5 of 5